NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 8, 2014
Decided October 20, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-1228

| | |
|---|---|
| CAROL J. FREDERICKS,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>ADVENTIST LA GRANGE<br>MEMORIAL HOSPITAL,<br>    *Defendant-Appellee*. | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 12 C 5656<br><br>James F. Holderman,<br>*Judge*. |

## O R D E R

Carol Fredericks appeals the grant of summary judgment for the defendants in this lawsuit asserting that she was fired from her job at Adventist La Grange Memorial Hospital because of her age (56 at the time). The district court concluded that Fredericks failed to establish a prima facie case under either the direct or indirect method. Fredericks argues on appeal that she provided sufficient evidence to show that the Hospital used excessive discipline as a pretext for firing her. Because Fredericks failed to produce evidence supporting her claims, we affirm the judgment.

Fredericks worked at the Hospital as a Radiology Services Technician from 1976 until her termination in 2011. Her duties included preparing patients for exams, applying lead shielding, taking radiographs and fluoroscopies, and integrating age-specific needs into the provision of patient care. Up until 2010, her work at the Hospital was largely uneventful, though she was placed on disciplinary probation five times between 1995 and 2002 for absenteeism.

Fredericks's suit focuses on events during her last year of employment. In March 2010 a supervisor issued her a verbal warning both for failing to timely perform duties and yelling in a patient area. Six months later Karen Brown became Fredericks's direct supervisor; Brown would be the decisionmaker who disciplined Fredericks for all of the incidents that followed. In January 2011 Brown disciplined Fredericks with a verbal warning, her second, because a patient had complained that Fredericks had given him unsolicited medical advice. One week later Brown issued Fredericks a written warning because a co-worker complained that Fredericks had been loud and disrespectful. Two weeks later Brown verbally counseled Fredericks for gossiping about co-workers, and shortly followed that up by placing Fredericks on a performance improvement plan for poor behavior and performance, and then rating her poorly on a performance evaluation. One week later Brown verbally counseled Fredericks to lower her voice in patient areas. Fredericks was finally fired several months later after a patient's mother complained that Fredericks had not used enough lead shielding during an x-ray. A younger employee filled her position.

In July 2012 Fredericks filed this federal complaint asserting that the Hospital fired her because of her age. As evidence of age discrimination, Fredericks pointed to younger radiologist technicians who were not fired despite having engaged in more egregious misconduct, such as shoving another employee, leaving early, and triggering patient complaints. Fredericks also stated that she was replaced by a younger employee. Fredericks emphasized the suspicious timing of Brown becoming her supervisor and the excessive discipline that ensued, though she does not explain how this relates to age discrimination. Fredericks also noted that Brown gave her a poor evaluation after only five months of supervision, despite having assured her that some disciplinary actions would be excluded from her record. Fredericks denied being loud or disrespectful at work and downplayed as unfounded the patient's complaint that she gave unwanted medical advice, the co-worker's complaint that she was loud, and the mother's complaint that she did not use enough lead shielding.

The district court granted the Hospital's motion for summary judgment under both the direct and indirect methods of proof. Fredericks failed to establish a prima facie case under the direct method, the court concluded, because she had not produced any direct or circumstantial evidence of age discrimination other than her own beliefs and vague assertions. Fredericks's claim also failed under the indirect method, the court added, explaining that she had not established the second element of the prima facie case—meeting the Hospital's legitimate expectations—or shown that the Hospital excessively disciplined her as a pretext for firing her. Further Fredericks failed to meet the fourth prong of the prima facie case because Fredericks did not produce evidence that similarly situated employees had comparable disciplinary histories.

On appeal Fredericks argues that the district court improperly disregarded evidence of pretext in concluding that she had not satisfied the Hospital's legitimate expectations for purposes of the prima facie case under the indirect method. (Fredericks abandons any argument regarding the direct method.) Fredericks asserts that she received excessive discipline only after Brown became her supervisor and that complaints were fabricated because of her age.

In cases like this, where the question whether the employee was meeting the company's legitimate expectations merges with the question whether the employer's reasons for termination are honest, we focus on the issue of pretext. *Senske v. Sybase, Inc.*, 588 F.3d 501, 506–07 (7th Cir. 2009); *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 602 (7th Cir. 2009). If Fredericks cannot prove pretext, then she cannot show that she was meeting the Hospital's legitimate expectations. *Hague v. Thompson Distrib. Co.*, 436 F.3d 816, 822–23 (7th Cir. 2006).

The district court's analysis was sound. Fredericks has no evidence to substantiate her allegation that she was performing satisfactorily at the time she was fired. The Hospital, on the other hand, can point to Fredericks's spotted disciplinary record during her final year on the job. During that year she incurred four written warnings and two verbal counselings, received a negative performance review, and was placed on probation. Brown also received three complaints about Fredericks's performance: a patient complained that Fredericks had given him unwanted medical advice, a patient's mother complained that Fredericks had not used enough lead shielding during an x-ray, and a co-worker complained that Fredericks had been loud and disrespectful. Given this disciplinary history, the district court was correct to conclude that Fredericks was not meeting the Hospital's legitimate expectations. *See Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 328 (7th Cir. 2002) (employee did not

meet expectations where she received repeated warnings about her performance and co-workers complained about her performance); *Cengr v. Fusibond Piping Sys.*, 135 F.3d 445, 452 (7th Cir. 1998) (employee did not meet expectations after receiving repeated written warnings and being placed on probation).

Fredericks also maintains that she identified three employees who were similarly situated to herself in all material respects: John Lighter, a radiographer whose age is unknown; Shelley Molfese, a radiographer who was 26 years old when Fredericks was fired; and Marie Swendson, a radiographer who was 32 years old when Fredericks was fired. Fredericks argues that the Hospital treated these younger employees more favorably because they were not fired despite engaging in more egregious misconduct.

But we agree with the district court that these employees were not similarly situated to Fredericks. Although the proposed comparator need not be identical to the plaintiff in every conceivable way, the distinctions between a plaintiff and the comparator must not be so significant that they render the comparison effectively useless. *Coleman v. Donahoe*, 667 F.3d 835, 846 (7th Cir. 2012); *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 405 (7th Cir. 2007). Lighter is not a suitable comparator because Fredericks did not submit evidence of his age. *See Barricks v. Eli Lilly and Co.*, 481 F.3d 556, 560 (7th Cir. 2007). Nor are Swendson and Molfese suitable comparators because Fredericks did not submit evidence of their disciplinary histories. *See Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617–19 (7th Cir. 2000). Fredericks acknowledged in the district court that she could not identify any employees who had received as many incidents of discipline within a twelve-month period as she had. From Fredericks's marginal evidence, a jury could not conclude that the Hospital treated these employees more favorably or that the reason for her termination was pretextual.

AFFIRMED.